{¶ 21} While I commend Cooper-Hill for the exemplary life she has led since her conviction for domestic violence, I cannot find a legal basis for concluding that the court abused its discretion in denying the motion to seal the record of conviction. The court noted that the city had a legitimate interest in maintaining a record of Cooper-Hill's conviction since it could enhance any future domestic violence charge to either a fourth degree felony or a first degree misdemeanor. While some may disagree with this as a reason for denying the motion, that disagreement cannot overcome the very high legal standard needed to prove an abuse of discretion. To act "arbitrarily" means to act on whim or impulse. The majority's own recitation of the court's reasons for denying the motion amply shows that the court did not act on a whim or impulse, as the facts show that the court gave thoughtful consideration to Cooper-Hill's motion. In the end, the majority's disposition amounts to a substitution of their judgment for that of the court. Since that disposition violates the scope of our authority in matters of the trial court's discretion, I must dissent.